MAYER BROWN LLP
DALE J. GIALI (SBN 150382)
*dgiali@mayerbrown.com*
KERI E. BORDERS (SBN 194015)
*kborders@mayerbrown.com*
REBECCA B. JOHNS (SBN 293989)
*rjohns@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:    (213) 229-9500
Facsimile:    (213) 625-0248

Attorneys for Defendants
CAMPBELL SOUP COMPANY
AND PEPPERIDGE FARM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE CLEVELAND AND LANNA RAINWATER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPBELL SOUP COMPANY AND PEPPERIDGE FARM, INC.,<br><br>Defendants. | Case No. 4:21-cv-06002<br><br>**(Alameda Superior Court Case No. RG 21101115)**<br><br>**NOTICE OF PETITION FOR REMOVAL BY DEFENDANTS CAMPBELL SOUP COMPANY AND PEPPERIDGE FARM, INCORPORATED PURSUANT TO 28 U.S.C. §§ 1332, 1441 1446, AND 1453**<br><br>**JURY TRIAL DEMANDED** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Campbell Soup Company and Pepperidge Farm, Incorporated, through their undersigned counsel, hereby remove *Cleveland et al. v. Campbell Soup Company, et al.*, Case No. RG 21101115, from the Superior Court of the State of California in and for the County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1441 governing the removal of civil actions and § 1453 governing the removal of class actions. Removal to the Northern District of California is based on federal diversity jurisdiction under the diversity jurisdiction requirements of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). As required by 28 U.S.C. § 1446(a), process, pleadings, and orders served in the action to date are attached to the Declaration of Dale J. Giali ("Giali Decl."). Pursuant to 28 U.S.C. § 1446(a), Defendants provide the following short and plain statement of the grounds for removal.

**I.   INTRODUCTION**

1. On May 26, 2021, Plaintiffs Denise Cleveland and Lanna Rainwater filed a putative class action complaint in the Alameda County Superior Court against Campbell Soup Company and Pepperidge Farm, Incorporated, entitled *Cleveland et al. v. Campbell Soup Company, et al.*, Case No. RG 21101115.

2. On June 16, 2021, Defendants received a Notice and Acknowledgement of Receipt from plaintiffs dated June 15, 2021. Giali Decl. at ¶ 9. On July 6, 2021, Defendants signed and returned the notice. *Id*. In accordance with 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and orders" served on the removing defendants in this action are attached hereto. Specifically:

- The Class Action Complaint, attached to the Giali Decl. at **Ex. 1**;
- The Civil Case Cover Sheet, attached to the Giali Decl. at **Ex. 2**;
- The Civil Case Cover Sheet Addendum, attached to the Giali Decl. at **Ex. 3**;

- The Attachment to the Civil Case Cover Sheet, attached to the Giali Decl. at **Ex. 4**;
- The Summons, attached to the Giali Decl. at **Ex. 5**; and
- All other documents on file in the Superior Court, including the Notice of Assignment of Judge for All Purposes and Notice of Case Management Conference, attached to the Giali Decl. at **Ex. 6.**

*Id*. at ¶¶ 3-8.

3.  Plaintiffs are consumers who allegedly purchased various Goldfish brand snack crackers manufactured, distributed, labeled, and advertised by Pepperidge Farm. Compl. at ¶¶ 12-13. Plaintiffs contend that the Goldfish are deceptively labeled as containing "0g Sugars" when in fact they are not a low or significantly reduced calorie food, or are not for weight control, and do not display a warning to that effect. *Id*. at ¶¶ 1-3. Plaintiffs contend that they relied on the "0g Sugars" statement when purchasing Goldfish, and that the statement caused them to believe Goldfish is lower in calories in comparison to other products. *Id*. at ¶¶ 12-13.

4.  Plaintiffs seek to represent the following putative nationwide class:

> All persons who purchased Goldfish labeled as having 0g Sugar outside the Nutrition Fact Panel in the United States within the applicable statute of limitations.

*Id*. at ¶ 59.

5.  Plaintiffs also seek to represent putative classes of California and New York consumers who purchased Goldish labeled as having 0g Sugar. *Id*.

6.  Plaintiffs assert seven causes of action: (a) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (b) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*.; (c) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (d) violation of New York's General Business Law § 349; (e) violation of New York's General Business Law § 350; (f) restitution based on quasi contract/unjust enrichment; and (g) breach of express warranty. Compl. at ¶¶ 73-169.

7.      As set forth herein, based on the allegations of the Complaint and other evidence collected by Defendants, this Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C § 1332(d). Therefore, this action may be removed to this Court, pursuant to 28 U.S.C. § 1441.

8.      Defendants have not answered the Complaint in Alameda County Superior Court prior to removal, and Defendants are not aware of any further proceedings or filings regarding this action in that court. Giali Decl. at ¶ 10.

## II.    REMOVAL IS PROPER UNDER CAFA

9.      "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the … defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also id*. § 1453(b).

10.     CAFA confers district courts with original jurisdiction over a putative class action if the number of members of all proposed plaintiff classes aggregates to 100 or more, the aggregate amount in controversy exceeds $5 million exclusive of interest and costs, and "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." *Id*. § 1332(d)(2); *see also id*. § 1332(d)(5)(B). Although the burden rests on the removing party to demonstrate that CAFA's jurisdictional requirements are met, the party opposing jurisdiction under CAFA bears the burden of demonstrating that any exception to CAFA jurisdiction applies. *Serrano v. 180 Connect, Inc*., 478 F.3d 1018, 1021-22 (9th Cir. 2007). This action satisfies each of CAFA's requirements.

### A.    This Is A Covered Class Action

11.     CAFA defines a "class action" as "any civil action" filed under a "State statute or rule of judicial procedure" that, "similar" to Federal Rule of Civil Procedure 23, authorizes "an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

12.     This action meets CAFA's definition of a class action. Plaintiffs purport to bring this action on behalf of "all others similarly situated," and identify putative classes of nationwide, California, and New York consumers who purchased Goldfish. Compl. at ¶ 59.

Plaintiffs bring these claims pursuant to California's class action statute, Cal. Civ. Proc. Code § 382, and allege that each of the class-action requirements is met. Compl. at ¶¶ 59, 62-72

### B. The Proposed Class Exceeds 100 Members

13. For purposes of removal, the Court looks to a plaintiff's allegations respecting class size. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

14. Plaintiffs purport to bring a claim on behalf of "[a]ll persons who purchased Goldfish labeled as having 0g Sugar outside the Nutrition Fact Panel in the United States . . ." Compl. at ¶ 59. Plaintiffs allege that "the proposed Classes contain thousands of purchasers of Goldfish . . ." *Id*. at ¶ 62; *see Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[The defendant] may rely on the estimate of the class number set forth in the complaint."). Accordingly, the number of members of all proposed plaintiff classes in the aggregate exceeds the 100-member requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. The Parties Are Minimally Diverse

15. CAFA's minimal diversity requirement is met if "any member of [the] class of plaintiffs" is "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A class member is any person "who falls[] within the definition" of the proposed class. *Id.* § 1332(d)(1)(D).

16. Plaintiffs are citizens of California and New York. Compl. at ¶¶ 12-13. And the putative classes are defined to include consumers nationwide, as well as subclasses for California and New York consumers. *Id*. at ¶ 59. At a minimum, the putative class likely includes at least one California citizen, and at least one New York citizen. *See Rosas v. Carnegie Mortg., LLC*, 2012 WL 1865480 at *5 (C.D. Cal. May 21, 2012) ("Because the complaint alleges a nationwide class, minimal diversity necessarily exists.").

17. Under CAFA, both corporations and unincorporated associations are deemed to be citizens of the states where they are incorporated or organized, and where they have their principal places of business. 28 U.S.C. § 1332(c)(1), (d)(10). The phrase "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is

4

the corporation's "nerve center." *Id*. at 81. This "should normally be the place where the corporation maintains its headquarters." *Id*. at 93. Pepperidge Farm, Incorporated is a Connecticut corporation with its principal place of business in Norwalk, Connecticut. Compl. at ¶ 14. Campbell Soup Company is a New Jersey corporation with its principal place of business in Camden, New Jersey. *Id*. at ¶ 15.

18. Because plaintiffs are citizens of California and New York, and because Defendants are citizens of Connecticut and New Jersey, the parties are at least minimally diverse.

### D. The Aggregate Amount In Controversy Exceeds $5 Million

19. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). When a defendant removes an action pursuant to CAFA, the "defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold" of $5 million. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (emphasis added).[1]

20. To determine the amount in controversy, the Court must assume that the allegations in the operative pleading are true and that a jury will return a verdict for the plaintiff on all such claims. *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (emphasis omitted). A "removing defendant is not obligated to 'research, state, and prove plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (emphasis omitted). Defendants may rely on "reasonable assumptions" in calculating the amount in controversy for removal purposes. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

21. Although Defendants deny all allegations of wrongdoing and state that plaintiffs' claims are meritless, plaintiffs seek, amongst other things, restitution or restitutionary

---

[1] "Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart*, 574 U.S. at 89.

disgorgement, compensatory damages, statutory damages, statutory penalties, punitive damages, and attorneys' fees, which well exceed the $5 million jurisdictional threshold.

22. First, compensatory damages and restitution or restitutionary disgorgement are in excess of $5 million. Plaintiffs request "[r]estitution in such amount that Plaintiffs and all members of the Classes paid to purchase Defendants' Goldfish or paid as a premium over alternatives, or restitutionary disgorgement of the profits Defendants obtained from those transactions, for Causes of Action for which they are available," and "[c]ompensatory damages for Causes of Action for which they are available." Compl. at Prayer for Relief, (B), (C). Plaintiffs challenge at least sixteen varieties of Goldfish crackers. *See* Compl. at ¶ 1, n.1. Moreover, plaintiffs claim that they would not have purchased Goldfish at all had they known that they are not low or reduced calorie products. *Id*. at ¶¶ 12-13. Plaintiffs further claim that other consumers would not have purchased Goldfish for the same reason. *Id*. at ¶ 88. Thus, pursuant to plaintiffs' allegations, the amount in controversy can be determined by aggregating the total revenue derived from the sale of the sixteen Goldfish products nationwide during the class period. During the class period, gross revenue from the sale of those products has been well in excess of $5 million.

23. Second, attorneys' fees are counted in evaluating the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). These fees "can exceed six figures in a class action and are properly aggregated and considered for purposes of determining the amount in controversy under CAFA." *Federico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

24. Plaintiffs' Complaint raises complex factual and legal issues. If the case were to proceed to discovery, it is likely that disputes would arise as to the proper breadth and scope of discovery to be permitted. It is thus clear that litigating this case to a resolution on the merits would require substantial time and effort by plaintiffs' counsel.

25. Finally, punitive damages are counted in evaluating the amount in controversy. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("The calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages,

punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract."). Plaintiffs seek punitive damages. Compl. at Prayer for Relief (F).

26. Taken together, the amount in controversy in this action exceeds $5 million.

### E. No Exception To Defeat CAFA Applies

27. Neither CAFA's "local controversy" nor its "home state" exceptions apply to this case. For the home state exception to apply, all primary defendants must be citizens of the state in which the case is filed. 28 U.S.C. § 1332(d)(4)(B); *see also Corsino v. Perkins*, 2010 WL 317418, at *5 (C.D. Cal. Jan. 19, 2010). Similarly, for the local controversy exception to apply, at least one defendant must be a citizen of California, and that defendant's conduct must form a significant basis for the claims asserted by the proposed plaintiff class. 28 U.S.C. § 1332(d)(4)(i)(II). Neither defendant is a citizen of California, so neither exception applies.

28. Moreover, the local controversy exception does not apply when the principal injury alleged is one that occurred throughout the country, not just in the state where the case was filed, as is the case here. 28 U.S.C. § 1332(d)(4)(A)(i)(III); *see also Waller v. Hewlett-Packard Co.*, 2011 WL 8601207, at *4 (S.D. Cal. May 10, 2011). Goldfish are sold nationwide and the labels and ingredient formulation for the products is the same throughout the United States. Indeed, plaintiffs allege a nationwide class. This demonstrates that this controversy is not truly local in nature, and that the principal injury is nationwide.

## III. COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

### A. Removal Is Timely

29. This Notice of Removal is timely because Defendants filed it within 30 days of being served with the Complaint. *See* 28 U.S.C. § 1446(b)(1) (requiring, as relevant here, that a notice of removal of a civil action be filed within 30 days after the defendant receives, "through service or otherwise," a copy of the summons and complaint); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (clock for removal not triggered by "mere receipt of the complaint unattended by any formal service"); Giali Decl. at ¶ 9.

**B.  Venue Is Proper**

30.  Under 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Northern District of California because this Court embraces the Alameda County Superior Court, where this action was pending.

**C.  Notice To Plaintiffs And State Court**

31.  Pursuant to 28 U.S.C. § 1446(d), Defendants are serving written notice of the removal of this case on plaintiffs' counsel:

>Wyatt A. Lison
>wlison@fdpklaw.com
>Joseph N. Kravec, Jr.
>jkravec@fdpklaw.com
>Feinstein Doyle Payne & Kravec, LLC
>429 Fourth Avenue, Suite 1300
>Pittsburgh, PA 15219
>Tel : (412) 281-8400
>Fax : (412) 281-1007
>
>Daniel L. Warshaw
>dwarshaw@pswlaw.com
>Pearson, Simon & Warshaw, LLP
>15165 Ventura Blvd., Suite 400
>Sherman Oaks, CA 91403
>Tel: (818) 788-8300
>Fax: (818) 788-8104
>
>Melissa S. Weiner
>mweiner@pswlaw.com
>Pearson, Simon & Warshaw, LLP
>800 LaSalle Avenue, Suite 2150
>Minneapolis, MN 55402
>Tel : (612) 389-0600
>Fax : (612) 389-1610

32.  Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a Notice of Removal Filing with the Clerk of the Superior Court of California, County of Alameda.

**D.  All Defendants Consent To Removal**

33.  Both named defendants in this action consent to removal and sign this Notice of Removal. Even if both defendants did not consent, CAFA permits any defendant without consent of any other defendant to remove this case to federal court. *See* 28 U.S.C. § 1453(b).

## IV. RESERVATION OF RIGHTS

34. By removing this matter, Defendants do not waive and, to the contrary, reserve any rights they may have, including, without limitation, all available arguments and affirmative defenses. Defendants do not concede that class certification is appropriate or that plaintiffs are entitled to any recovery whatsoever. However, the question is not whether class certification is appropriate or whether plaintiffs will recover any amount for any particular time period. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

35. In the event that plaintiffs file a request to remand, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit additional argument and/or evidence in support of removal.

## V. CONCLUSION

36. WHEREFORE, Defendants respectfully request that their Notice of Removal be deemed good and sufficient and for this Court to exercise subject matter jurisdiction over this removed action.

Dated: August 3, 2021

MAYER BROWN LLP
Dale J. Giali
Keri E. Borders
Rebecca B. Johns

by: /s/ *Dale J. Giali*
　　　Dale J. Giali
Attorneys for Defendants
CAMPBELL SOUP COMPANY AND
PEPPERIDGE FARM, INC.