UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE CLEVELAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPBELL SOUP COMPANY, et al.,<br><br>Defendants. | Case No. 21-cv-06002-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Plaintiffs are consumers of Goldfish crackers, the well-known snack made by defendant Pepperidge Farm, Inc., a subsidiary of defendant Campbell Soup Company (together, Campbell). The first amended complaint (FAC) alleges that plaintiffs were duped into buying the crackers as a "healthy" and reduced-calorie snack choice because certain Goldfish packages indicated on the front label that the crackers contained "0g Sugars." Dkt. No. 51 ¶¶ 1-4. The FAC presents claims against both defendants for consumer deception under California and New York law, and claims for restitution and breach of warranty.

At a hearing on a prior motion to dismiss by Campbell, the Court noted that it had upheld the plausibility of food deception claims in several other circumstances, but that this case was different. *See* Dkt. No. 50. The difference was that the calorie count per serving of the crackers was plainly visible to consumers on the front of the package, and so no reasonable consumer could plausibly believe that Goldfish were a health or reduced-calorie food. These observations did not

ripen into a formal order because plaintiffs elected to file the FAC. *See* Dkt. Nos. 48, 50, 51. Campbell now asks to dismiss the FAC under Federal Rules of Civil Procedure 8 and 12(b)(6). Dkt. No. 56. The parties' familiarity with the record is assumed, and dismissal is granted.

## DISCUSSION

### I. REDUCED-CALORIE CLAIMS

The FAC reiterates plaintiffs' main theory, namely that Campbell misled consumers into believing that Goldfish, which are sold in varieties like "Flavor Blasted Cheesy Pizza," "Flavor Blasted Xplosive Pizza," and "Flavor Blasted XTRA Cheddar," are a reduced-calorie and healthy snack choice. *See* Dkt. No. 51 ¶¶ 1-7 & n.1. The deception is said to be the statement on some packages that the crackers contain "0g Sugars." *Id.* Plaintiffs say this communicates to consumers that the crackers are low-calorie and good for weight control, when they are not. *See id.* ¶ 12.

During the prior motion proceedings, the Court expressed serious doubt about the plausibility of this theory. The FAC has not allayed the Court's concerns. To start, the statement "0g Sugars" does not, on its face, say anything about calories. The world is full of foods that are low-sugar and not low-calorie. Nuts, butter, olive oil, avocados, and many cheeses come immediately to mind as foods widely understood to be low in sugar but relatively high in calories. Consequently, it is not plausible to contend that a reasonable consumer would necessarily equate 0g sugars with reduced calories. That is particularly true here, where the product labels emphasize "cheddar" and "pizza" flavors, two foods that experience and common sense indicate are not good for calorie reduction purposes, "blasted" or not. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief" on a 12(b)(6) motion is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

The labels underscore the implausibility of plaintiffs' case. This image is taken from the FAC, Dkt. No. 51 ¶ 19:

2



As this shows, the "0g Total Sugars" statement is one of four nutrition data points in a panel readily visible to consumers on the face of the package. The calorie count is emphasized in larger font than the other points, including the "0g Total Sugars" statement, and the panel as a whole plainly advises consumers that there are "140 Calories" per 55 pieces of Goldfish, and 0 grams of sugar. A consumer does not need to read any fine print, turn the package around for details, or do anything other than look at the front label to obtain the calorie count for a cracker serving. The label makes it inherently implausible "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances," would understand "0g Total Sugars" to mean "low or reduced in calories," as plaintiffs would have it. *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228-29 (9th Cir. 2019) (quotations and citation omitted). As our circuit put it in *Moore v. Trader Joe's Company*, 4 F.4th 874, 884 (9th

Cir. 2021), plaintiffs' "alleged assumption is not just 'unreasonable' or 'fanciful.' It is implausible."

Plaintiffs' mention of studies and surveys does not lead to a different conclusion. *See* Dkt. No. 51 ¶¶ 34-37. These materials are, in the main, generic commentaries about sugar consumption and health concerns. There is no doubt that a diet heavy with sugary foods is probably ill-advised, but that says nothing at all about whether Campbell misled consumers with its cracker packages. For example, although it may be true that a "2021 Sugar Claims Study found 'that products containing claims related to sugar content were rated as more healthful and less caloric than their regular alternatives,'" *id*. ¶ 37 (emphasis omitted), such a highly generalized observation is of little value for a label that says "0g Sugars" right next to a larger-sized calorie disclosure. It does not make it any more plausible that a consumer would be deceived in that circumstance. As in *Becerra*, "it is difficult to tell what questions the survey asked to reach its conclusions," and more importantly, "[t]he survey cannot, on its own, salvage" plaintiffs' claims. *Becerra*, 945 F.3d at 1230-31. Plaintiffs' remarks about Campbell's alleged marketing goals, Dkt. No. 51 ¶ 33, are equally inapposite to plausibility.

So too for a general statement by the FDA to the effect that "[c]onsumers may reasonably be expected to regard terms that represent that the food contains no sugars or sweeteners, e.g., 'sugar free,' or 'no sugar,' as indicating a product which is low in calories or significantly reduced in calories." *Id*. ¶ 39 (quoting 21 C.F.R. § 101.60(c)(1)). Plaintiffs say this a definitive benchmark of consumer expectation that establishes the plausibility of their claims, but that is not the case. The statement was made in connection with a regulation stating that foods may not be labeled with terms such as "zero sugar," unless, *inter alia*, the food "contains less than 0.5g of sugars" per labeled serving and, for foods that are not low or reduced in calories, the zero sugar "term is immediately accompanied, each time it is used, by either the statement 'not a reduced calorie food,' 'not a low calorie food,' or not for weight control.'" 21 C.F.R. § 101.60(c)(1).

Whether a reasonable consumer would be misled is a context-specific inquiry, *see Becerra*, 945 F.3d at 1228-29, and the FDA's statement does not, in itself, indicate that a reasonable consumer would have been misled on the facts alleged in the FAC. The "0g Sugars"

4

1    representation on the Goldfish labels is presented in the same panel as the disclosure of calories
2    per serving and other nutrition information. The FDA statement does not address this particular
3    situation, and certainly does not put an end to the judicial inquiry into the plausibility of the FAC,
4    as plaintiffs suggest.

5          This resolves all of the claims based on the reduced-calorie theory. Campbell expressly
6    sought dismissal of each of the consumer deception claims as implausible, including those brought
7    under California's Unfair Competition Law, False Advertising Law, and Consumer Legal
8    Remedies Act, as well as under New York's General Business Law §§ 349 and 350. Dkt. No. 56
9    at 5. Plaintiffs did not defend their claims with any degree of specificity, and made the same
10   plausibility argument for all of the reduced-calorie counts. *See* Dkt. No. 57 at 7-9. Specifically,
11   plaintiffs did not present a separate argument about the adequacy of the UCL claim under the
12   "unlawful" prong, despite having ample opportunity to do so. *See id*. Consequently, all of the
13   reduced-calorie claims fall for the same reason of implausibility.

14         Plaintiffs have already been permitted to amend once after a substantial discussion of these
15   issues on the record. Dkt. No. 50. Nothing in the FAC or plaintiffs' brief indicates that another
16   round of amendments would establish the plausibility of the reduced-calorie claims. Leave to
17   amend such claims is denied. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir.
18   2002).

19   **II.  POSSIBLE LITERAL FALSITY CLAIMS**

20         The dismissal of the calorie claims resolves much of the case. There is some ambiguity
21   with respect to whether plaintiffs have alleged an independent literal falsity claim. This topic was
22   discussed at the last hearing. *See* Dkt. No. 50 at 9:23-10:5. Plaintiffs appear to say that 0 sugars is
23   literally false because Goldfish crackers "actually contain sugar"; "13 of 16 varieties of the
24   Goldfish . . . list sugar or dextrose as an ingredient"; and "all 16 varieties of Goldfish are made
25   with wheat flour that contains sugar." Dkt. No. 51 ¶ 1.[1]

---

[1] The FAC does not specifically allege the amount of sugar in Goldfish crackers, though plaintiffs do not dispute Campbell's indication that the amount is less than 0.5g per serving. *See* Dkt. No. 51 ¶ 48.

If that is plaintiffs' intent, the presentation in the FAC is far too cursory and underdeveloped to be reasonable notice under Rule 8 or Rule 9(b) of a claim that defendants must answer. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests."); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) ("Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged," and our circuit has "specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL") (quotations and citations omitted). Even so, the Court cannot say at this time that amendment would be futile. Plaintiffs may amend their claims for this theory.

## CONCLUSION

Defendants' motion, Dkt. No. 56, is granted, and plaintiffs' first amended complaint, Dkt. No. 51, is dismissed. Plaintiffs may file an amended complaint by January 18, 2023. The amended complaint must remove all references to the dismissed "not reduced in calorie" theory and all claims based on that theory, and may amend only the literal falsity theory in a manner consistent with this order. New claims or defendants may not be added without express prior approval from the Court. Failure to meet the filing deadline will result in dismissal with prejudice under Rule 41(b).

Pending further order, the case remains stayed except for plaintiffs' amendment and Campbell's response to any amended complaint.

**IT IS SO ORDERED.**

Dated: December 21, 2022

JAMES DONATO
United States District Judge